Feng v. Holder

BIA
Abrams, IJ
A094 787 245

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of June, two thousand ten.

PRESENT:

>JON O. NEWMAN,
>ROBERT A. KATZMANN,
>PETER W. HALL,
>>*Circuit Judges*.

_____

DONG XING FENG,
>*Petitioner*,

>v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>*Respondent*.

09-3658-ag
NAC

_____

FOR PETITIONER: Lewis Hu, New York, N.Y.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Civil Division; Blair T. O'Connor, Assistant Director, Office of Immigration Litigation; Rachel Browning, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Dong Xing Feng, a native and citizen of the People's Republic of China, seeks review of a July 29, 2009 order of the BIA affirming the January 11, 2008 decision of Immigration Judge ("IJ") Steven R. Abrams denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dong Xing Feng*, No. A 094 787 245 (B.I.A. July 29, 2009), *aff'g* No. A 094 787 245 (Immig. Ct. N.Y. City Jan. 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions. *See Jigme Wangchuck v. Dept't of Homeland Security,* 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well-established. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination. In evaluating Feng's credibility, the IJ found that: (1) his testimony regarding his practice of Falun Gong was contradicted by his witness's testimony and his documentary evidence in several respects; (2) it was implausible that his parents refused, for no reason, to send him a receipt for a fine they were allegedly forced to pay because of his Falun Gong activities; and (3) he failed to provide any corroboration for his claim that his name and picture were published in a Chinese newspaper identifying him as a Falun Gong practitioner. Feng does not challenge these findings, which accordingly stand as valid bases for the IJ's credibility determination.

2

*See Shunfu Li v. Mukasey*, 529 F.3d 141, 147-48 (2d Cir. 2008).

The IJ further found that Feng testified inconsistently regarding the police raids that allegedly resulted in his detention for practicing Falun Gong. Indeed, although he testified that the raids occurred on Tuesdays, the dates he provided for the raids were both Mondays. Despite Feng's argument that this discrepancy was an innocent mistake caused by his nervousness at his hearing, a reasonable factfinder would not have been compelled to credit that explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Moreover, the IJ was entitled to rely on any discrepancy, no matter how minor, so long as the totality of the circumstances indicated that Feng was not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

In addition to challenging the IJ's adverse credibility determination, Feng argues that the IJ: (1) erred in finding that he incorrectly performed one of the Falun Gong movements; and (2) violated his due process rights by declining to order a continuance to allow him an opportunity to submit additional evidence. However, as Feng failed to raise these arguments before the BIA, we decline to address them. *See Lin Zhong v. U.S. Dept of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk